

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

WILLIAM T. ROBINSON,

    Plaintiff,

v.                                             Civil Action No. **3:07CV449**

**GENE JOHNSON,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a diabetic Virginia inmate, filed this action under 42 U.S.C. § 1983. Plaintiff's complaint sprawled over 150 pages, named 39 individuals and entities as defendants, and contained scores of claims in various stages of legal development. By Memorandum Opinion and Order entered on March 26, 2009, the Court found that Plaintiff's complaint did not comport with Federal Rules of Civil Procedure 18(a) and 20(a) pertaining the proper joinder of parties and claims. Therefore, the Court severed all of Plaintiff's claims except for his claims against the first named defendant, Gene Johnson. The Court informed Plaintiff that his severed claims will proceed as separate actions and that he must file new complaints for his severed claims. The Court directed Plaintiff that any forthcoming new complaint must contain the following caption at the top of the first page: "NEW COMPLAINT FOR SEVERED CLAIMS IN 3:07CV449." The Court informed Plaintiff that any forthcoming new complaints must comport with Rules 8 and 20 of the Federal Rules of Civil Procedure. The Court further informed Plaintiff that he would be responsible for the filing fee with respect any new complaint. Additionally the Court warned Plaintiff that the failure to submit a proper new complaint for any claim or defendant within twenty (20) days of the date of entry thereof would result in the dismissal of that claim or defendant. *See* Fed. R. Civ. P. 41(b).

The matter is before the Court on Plaintiff's attempts to submit new complaints for his severed claims and Defendant Johnson's motion for summary judgment with respect to the Claim XI.

## I. PLAINTIFF'S NEW PLEADINGS

On March 27, 2009, the Court received from Robinson a motion for leave to file an amended complaint and an amended complaint. In these submissions, Plaintiff seeks to add an additional twelve defendants to the present action. The amended complaint, which was mailed prior to entry of the March 26, 2009 Memorandum Opinion and Order, suffers from the same defects as the original complaint. Therefore, the interests of justice would not be served by granting the motion to amend. Accordingly, Plaintiff's motion to amend (Docket No. 60) is DENIED.

On April 17, 2009, Plaintiff submitted three new complaints for his severed claims in the present action: *Robinson v. Early*, 3:09cv246 (E.D. Va. Received Apr. 21, 2009); *Robinson v. Prison Health Servs.*, 3:09cv249 (E.D. Va. Received Apr. 22, 2009); and *Robinson v. Powell*, 3:09cv250 (E.D. Va. Received Apr. 22, 2009).

On April 23, 2009, Prison Health Services moved to dismiss the all claims against it in the present action (*Robinson v. Johnson* No. 3:07cv449) on the grounds that Plaintiff failed to file a new complaint for his severed claims in a timely manner and failed to pay the full filing fee for his new actions. Robinson has complied with that aspect of Court's directive regarding the timing of any new complaints pertaining to his severed claims, in that he submitted the new complaints within twenty days of the date of entry of the March 26, 2009 Memorandum Opinion and Order. *See* Fed. R. Civ. P. 6(a)(1) ("Exclude the day of the act . . . that begins the period.");

*Houston v. Lack*, 487 U.S. 266, 276 (1988) (concluding inmate's submissions were filed as of the date they were mailed from prison). Additionally, although Plaintiff is ultimately responsible for paying the full filing fees for these new actions, *see* 28 U.S.C. § 1915(b)(1), the Court's March 26, 2009 Memorandum Opinion and Order did not preclude Plaintiff from proceeding *in forma pauperis*. Accordingly, the motion to dismiss by Prison Health Services (Docket No. 64) will be DENIED. The Court will process Plaintiff's severed claims in *Robinson v. Early*, 3:09cv246 (E.D. Va. Received Apr. 21, 2009); *Robinson v. Prison Health Servs.*, 3:09cv249 (E.D. Va. Received Apr. 22, 2009); and *Robinson v. Powell*, 3:09cv250 (E.D. Va. Received Apr. 22, 2009) as separate actions.

## II. JOHNSON'S MOTION FOR SUMMARY JUDGMENT

In addition to the actions described above, the Court's March 26, 2009 Memorandum Opinion and Order dismissed all of Plaintiff's claims against Defendant Johnson except for:

Claim XI  Plaintiff is prohibited from carrying food outside of the cafeteria or the housing unit at his place of incarceration.
   A. Defendant Johnson "violated Plaintiff's rights established by the "Americans With Disabilities Act" by refusing to make reasonable accommodations for plaintiff's disability, diabetes, and his need for adequate medical treatment. (Compl. XI ¶ 1.)
   B. Defendant Johnson denied Plaintiff adequate medical care by failing to alter this policy.

Johnson has moved for summary judgment with respect to Claim XI. Plaintiff's response to the motion for summary judgment far exceeds the scope of the motion for summary judgment. As explained more fully in the March 26, 2009 Memorandum Opinion, Plaintiff has not adequately plead any other claim against Defendant Johnson. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Although Plaintiff remains free to raise such claims in a proper

complaint, the Court rejects his attempt to expand his grounds for relief against Defendant Johnson in this action by way of his opposition to the motion for summary judgment.

A. **Standard For Summary Judgment**

Summary judgment is to be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless,"'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)).

Defendant Johnson has submitted, *inter alia*, affidavits and copies of pertinent prison regulations. Plaintiff has responded by submitting his sworn statement and generally referencing the host of other material he previously submitted in opposition to a prior motion for summary judgment. Of course, the facts offered by affidavit must be in the form of admissible evidence. *See* Fed. R. Civ. 56(e). In this regard, the statement in the affidavit or sworn statement "must be made on personal knowledge . . . and show that affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). In light of the foregoing principles and submissions, the following facts are established for purpose of the motion for summary judgment.

### B. Summary of pertinent facts

The Virginia Department of Corrections ("VDOC") maintains a grievance procedure for resolving inmate complaints. The pertinent VDOC regulations require that, before submitting a formal grievance, the inmate must make a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. VDOC Operating Procedure § 866.1(V)(A)(1). Generally, this requires an inmate to file an informal complaint form. *Id.* If that resolution effort fails, the inmate must initiate a formal grievance by filling out a standard form. *Id.* § 866.1(VI)(A)(2). "The original Regular Grievance (no photocopies or carbon copies) . . . should be submitted by the offender through the facility mail system to the Warden/ Superintendent's Office for processing by the Institutional Ombudsman/Grievance Coordinator." *Id.* § 866.1(VI)(A)(2)(b). Furthermore, the inmate must attach to the formal grievance form pertinent documentation of his attempt to informally resolve the issue." *Id.* § 866.1(VI)(A)(2)(a). A regular grievance must be filed within thirty (30) days

from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the inmate's control. VDOC Operating Procedure § 866.1(VI)(A)(1).

There are up to three levels of review for a regular grievance. *Id.* § 866.1(VI)(C). The warden or superintendent of the facility in which the inmate is confined is responsible for Level I review. *Id.* § 866.1(VI)(C)(1). If the inmate is dissatisfied with the determination at Level I, he may appeal the decision to Level II, a review which is conducted by the VDOC Regional Director, the VDOC Health Services Director, or the VDOC Chief of Operations for Offender Management Services. *Id.* § 866.1(VI)(C)(2). The Level II response informs the inmate whether the inmate may pursue an appeal to Level III. *Id.* § 866.1(VI)(C)(2)(f).

### C. Robinson's efforts at exhaustion

Robinson has filed scores of grievances and appeals since his incarceration. Nevertheless, Robinson fails to direct the Court to specific evidence that reflects prior to the filing of his 42 U.S.C. § 1983 complaint he filed a grievance *and* pursued a Level II appeal with respect to the complaint in Claim XI that the prohibition of carrying food outside of the cafeteria or the housing unit at his place of incarceration poses a threat to his health or amounts to discrimination.

### D. Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are *available* are exhausted." 42 U.S.C. 1997e(a) (emphasis added). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through

all available levels of appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Plaintiff has failed to satisfy this requirement for the conduct described in Claim XI.

Plaintiff suggests that he has satisfied § 1997e(a) because he has filed numerous complaints about his diabetic diet. Plaintiff's fails to demonstrate that these general complaints about his diet gave prison officials a fair opportunity to address the conduct that forms the basis of Claim XI. *See Moore v. Bennette*, 517 F.3d 717, 729 (4th Cir. 2008) (concluding inmate's grievances about inadequate medical care for his pancreatic condition and Hepatitis C did not exhaust claims pertaining to inadequate medical care for his gout). Furthermore, Plaintiff fails to demonstrate that prison officials prevented him from exhausting his administrative remedies with respect to Claim XI. Accordingly, Defendant Johnson's motion for summary judgment with respect to Claim XI (Docket No. 66) will be GRANTED. Claim XI against Defendant Johnson will be DISMISSED. The present action will be DISMISSED.

Plaintiff also has filed two motions to compel. Because the Court has resolved all of Plaintiff's claims in the present action and Plaintiff does not demonstrate that any of the discovery material could preclude summary judgment, *see* Fed. R. Civ. P. 56(f), the motions to compel (Docket Nos. 76, 77, 87) will be DENIED.

An appropriate Order shall issue.

Date: JUN 1 8 2009
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge